UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

DOMINIQUE PIERRE,

    Plaintiff,                               Case No.:

v.

TRANS UNION, LLC,
and PROFESSIONAL DEBT MEDIATION, INC.,

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, DOMINIQUE PIERRE, alleges violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA") against the Defendant(s), TRANS UNION, LLC, ("Trans Union") and PROFESSIONAL DEBT MEDIATION, INC., ("Professional").

### PARTIES

1. Plaintiff is a natural person and Florida resident.

2. Trans Union, LLC is a foreign limited liability company with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

3. Professional Debt Mediation, Inc. is a Florida based company with its principal place of business at 7948 Baymeadows War, 2nd Floor, Jacksonville, FL 32256.

### JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the Fair Credit Reporting Act, a federal statute.

5. The Court has personal jurisdiction because Defendants conduct business throughout the United States, including Florida.

6. Venue is proper because the alleged acts and transactions complained of occurred here and the Defendants transact and/or conduct business here. Additionally, the harm suffered by Plaintiff occurred in Broward county, Florida.

## APPLICABLE LAWS

### I. FCRA

7. "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205 (2007) (citations omitted).

8. Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

9. Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §§ 1681(a)(3),(4).

10. To further the FCRA's purpose, Congress requires "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

11. "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information

which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy. The Fair Credit Reporting Act seeks to secure these rights." *Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency*, 91st Cong. 2 (1969).

12. The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports." 15 U.S.C. § 1681e(b).

13. If a consumer disputes information contained in his or her credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).

14. In performing the reinvestigation, the FCRA requires a credit reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

15. If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall…(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681(a)(5)(A)(i),(ii).

16. The FCRA provides a private right of action against any person that violates its provisions. 15 U.S.C. §§ 1681o, 1691n.

17. If the violation is negligent, the FCRA allows the consumer to recover actual damages; however, if the violation is willful, the consumer may recover any actual damages or statutory damages of not less than $100.00 and not more than $1,000. 15 U.S.C. § 1681n(a).

## FACTUAL ALLEGATIONS

18. In 2010, **Plaintiff's parents,** Dawn Fox and Maxo Pierre entered into a rental agreement with Del Oro apartments in Plantation, Florida.

19. A simple review of the rental application reveals that **Plaintiff's parents**, Dawn Fox and Maxo Pierre, are listed as the applicants.

20. A simple review of the Collections Coversheet dated October 25, 2016 reveals that the collection is directed to **Plaintiff's parents**, Dawn Fox and Maxo Pierre.

21. Plaintiff was therefore shocked to discover in January 2017 that a balance of $5,080.00 appeared on her credit report, and that the alleged debt was related to the rental transaction referenced above.

22. Plaintiff immediately disputed the debt in writing with Trans Union, who received Plaintiff's dispute and forwarded it to Professional.

23. Professional received the dispute from TransUnion, performed absolutely no investigation, and verified the debt as belonging to Plaintiff.

24. Plaintiff then took the additional steps of placing a telephone call to Professional to demand that the inaccurate entry be removed, and she then sent a letter to Professional on April 28, 2017.

25. Despite overwhelming evidence that the debt was not Plaintiff's, Professional continued to report the inaccurate debt to Trans Union.

26. Plaintiff is "locked out" of the credit market because of the erroneous information and she cannot obtain credit on the most favorable terms as a result.

27. Plaintiff requested verification and deletion of the negative account; however, Trans Union never evaluated or considered the Plaintiff's information, claims or evidence, and did not make any attempt to substantiate or verify Professional's representations. Similarly, Professional made no attempts to investigate Plaintiff's claims.

## COUNT I AS TO TRANS UNION'S VIOLATION
## OF THE FAIR CREDIT REPORTING ACT § 1681e(b)

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 16819a(c) because she is an individual.

29. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

30. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

31. Because of Trans Union's violation, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

## COUNT II AS TO TRANS UNION'S VIOLATION
## OF THE FAIR CREDIT REPORTING ACT § 1681i

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 16819a(c) because she is an individual.

33. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

34. Plaintiff sent, and Trans Union received, a written dispute of the negative account reported by Professional.

35. After receiving the dispute, Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

36. Because of Trans Union's violation, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

## COUNT I AS TO PROFESSIONAL'S VIOLATION OF
## THE FAIR CREDIT REPORTING ACT § 1681s-2(b)

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 16819a(c) because she is an individual.

38. Professional is a "furnisher" under the FCRA because it provides information concerning consumers to credit reporting agencies.

39.     Professional violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the negative account; by failing to review all relevant information regarding the negative account and by failing to accurately respond to the dispute forwarded by Trans Union concerning the negative account.

40.     Because of Professional's violation, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

## RELIEF REQUESTED

WHEREFORE, based on the above, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

A.     Actual damages;

B.     Damages pursuant to 15 U.S.C. § 1681n or § 1681o;

C.     Reasonable Attorneys' fees and costs under the FCRA; and

D.     Such other and further relief as the Court may deem to be just and proper.

E.     Plaintiff respectfully demands trial by jury in this action.

Dated: July 31, 2017                    Respectfully Submitted,

/s/ J. Dennis Card Jr.
J. Dennis Card, Jr., Esq.
FL Bar No: 0487473
E-mail: dcard@consumerlaworg.com
/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@cloorg.com
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132
*Attorneys for Plaintiff*